# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DOUGLAS EARL LEITER, *also known as* William Jackson,

   Petitioner,

  v.                Case No. 15-CV-2336 (JNE/BRT)
                    **ORDER**

CHRISTOPHER NICKRENZ, *Warden, FPC-Duluth*,[1]

   Respondent.

  This matter is before the Court on a Report and Recommendation ("R&R") issued by the Honorable Becky R. Thorson, United States Magistrate Judge, on October 26, 2016. (Docket No. 30.) The R&R recommends, among other things, that Petitioner Douglas Earl Leiter's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition") and request for injunctive relief (Dkt. No. 1) be denied. Leiter objected to the R&R on several grounds. (*See* Dkt. No. 31.) Respondents[2] responded to Leiter's objections by stating their support for the R&R's recommended disposition. (*See* Dkt. No. 33.)

  The Court has conducted a de novo review of the record. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). Based on that review, the Court accepts the R&R's recommended disposition with respect to substitution of the named Respondents in this matter, denial of the Petition, denial of injunctive relief, and dismissal of the action with prejudice. The

---

[1] In accordance with this Order, "Christopher Nickrenz, *Warden*, *FPC-Duluth*" is substituted as the Respondent in this matter. The previously-named Respondents were Kathleen M. Kenney, *Assistant Director*, and Ron Rodgers, *Acting Administrator for the United States Bureau of Prisons Office of General Counsel*. Because this action is a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the proper respondent is the person who has custody over Petitioner Douglas Earl Leiter. *See* 28 U.S.C. § 2242. That person is Christopher Nickrenz.

[2] For the purposes of this Order, "Respondents" refers to the previously-named Respondents. *See supra* note 1.

Court also accepts the recommendation to unseal Docket Nos. 1, 13, 14, and 15 (and their attachments), except with respect to attachment 1 to Docket No. 1. The Court concurs in the R&R's reasoning to the extent that this Order does not address such reasoning.

## I. SUFFICIENT EVIDENCE

Leiter objects to the R&R's finding that there was sufficient evidence in the disciplinary record to support the determination that he violated Federal Bureau of Prisons Disciplinary Code 196(A), Attempted Use of the Mail for Illegal Purposes. *See* 28 C.F.R. § 541.3, Table 1 (2011). He challenges the sanction he received—revocation of 41 days of good-time credits—primarily on this ground. (*See* Dkt. No. 31 at 5, 8.)

When the disciplinary sanction imposed on an inmate is revocation of good-time credits, due process requires, among other things, that "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). The Court need not examine the entire record, independently assess the credibility of witnesses, or weigh evidence when reviewing a disciplinary decision. *Id.* at 455. Instead, the requirements of due process are satisfied if there is "any evidence in the record" to support the decision. *Id.* at 455-56.

The R&R reasoned that some evidence supported Leiter's sanction. Specifically, the R&R stated that Discipline Hearing Officer ("DHO") Kevin Nikes "reviewed Petitioner's mailing and determined, based on his correctional knowledge, that it was consistent with the ideology and practices of the Sovereign Citizens." (Dkt. No. 30 at 7.) The R&R concluded that this was enough evidence to uphold the discipline. (*See id.*) Leiter argues, however, that DHO Nikes's written discipline report did not list this knowledge and experience as a basis for the disciplinary decision, as required by Supreme Court precedent and the Federal Bureau of

Prisons's Inmate Discipline Program. (*See* Dkt. No. 31 at 5, 8 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974), *Hill*, 472 U.S. 445, and 28 C.F.R. § 541.8(h) (2011)).) Therefore, Leiter argues, DHO Nikes's correctional knowledge and experience cannot be some evidence *in the record* to support the disciplinary decision. (*See id.*) Leiter also points out that the words "Sovereign Citizen" do not appear in the written report. (*See id.*)

DHO Nikes's written report did not list reliance on his correctional knowledge and experience concerning Sovereign Citizens as a reason for the disciplinary decision. (*See* Dkt. No. 11-1 at 77-80.) Rather, DHO Nikes's Declaration, filed in response to Leiter's Petition, states that this reliance was a basis for the decision. (*See* Dkt. No. 11 ¶¶ 15-19.) As such, DHO Nikes's correctional knowledge and experience are not explicitly part of the disciplinary record.

Setting aside whether this knowledge and experience can constitute "some evidence" despite not being in the disciplinary record,[3] the Court finds that there is other evidence in the record to support the decision. For example, the correspondence Leiter attempted to send to Eric Thorson, Office of the Inspector General, United States Treasury, included a letter[4] asserting that Thorson (or the Treasury Department) was responsible for Leiter's debt per a fiduciary relationship Leiter created by previously mailing an Internal Revenue Service ("IRS") Form 56.

---

[3] At least one other court has refrained from considering post-hoc evidence offered in addition to the disciplinary record. *See Johnson v. Goord*, 487 F. Supp. 2d 377, 396 (S.D.N.Y. 2007) ("Case law suggests that, in conducting this review, a court is limited to the record of the disciplinary hearing."), *aff'd,* 305 F. App'x 815 (2d Cir. 2009).

[4] The letter states, in relevant part:
> "Please find the enclosed . . . Form 56 naming your office as 'fiduciary' for the benefit and on behalf of Douglas Earl Leiter. Pursuant to those terms . . . it is your duty to accept and receive all liabilities . . . in the matter of DOUGLAS EARL LEITER. It is your further responsibility to . . . discharge, settle and close all matters to same."

(Dkt. No. 11-1 at 78.)

(*See* Dkt. No. 11-1 at 78-79.) The correspondence also included a copy of the Form 56,[5] in addition to a bill from a debt collection agency. (*See id.*) DHO Nikes reviewed these and other documents submitted by Leiter, which Leiter has also filed with the Court. (*See id.* at 79; *see also* Dkt. No. 1-1 at 69-75, 77, 81.) Leiter contends that the documents he submitted to DHO Nikes and the Court prove the existence of the fiduciary relationship and exonerate him. (*See* Dkt. No. 31 at 2, 10.)

The Court need not review and weigh all the evidence in the record, though; the disciplinary decision need only be supported by some evidence in the record. *Hill*, 472 U.S. at 455. The content of the letter to Thorson and enclosed Form 56 are evidence to support DHO Nikes's conclusion that Leiter "used the mail in an attempt to make Eric Thorson, or his office, the United States Treasury responsible for [Leiter's] debts." (Dkt. No. 11-1 at 80.) Therefore, the disciplinary decision was supported by sufficient evidence.

## II. EVIDENTIARY HEARING

In Leiter's objections, he stated that a hearing for the gathering of witness testimony would aid his Petition in multiple ways and that the Court should dismiss the R&R and "move to an evidentiary hearing." (Dkt. No. 31 at 4, 11-12.) The R&R did not address whether an evidentiary hearing is required or should be held. In response to the Petition, Respondents argued that a hearing is not required because the issues can be resolved on the record alone. (*See* Dkt. No. 10 at 19-20.)

A petitioner is not entitled to an evidentiary hearing if the petitioner's allegations are frivolous, where the allegations (even if true) fail to state a cognizable constitutional claim,

---

[5] The text Leiter added to the Form is similar to that in the letter and shows that he was attempting to appoint Thorson as his fiduciary. (*See* Dkt. No. 11-1 at 78-79.)

where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record. *Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983).

Insofar as Leiter requests the Court to hold an evidentiary hearing, the Court finds that none is required because the dispute can be resolved on the basis of the record. As explained above, the evidence in the record pertaining to the correspondence at issue is sufficient to show that DHO Nikes's decision was supported by some evidence. *See supra* Part I. Therefore, there is no need for an evidentiary hearing on that issue. *See Riley v. Lockhart*, 726 F.2d 421, 423 (8th Cir. 1984) (affirming denial of an evidentiary hearing when the record was "sufficient to form the basis for the district court's summary dismissal" of the petition); *Sweesy v. Fed. Bureau of Prisons*, No. 08-CV-323 (PAM/JJK), 2009 WL 1244047, at *1 (D. Minn. May 4, 2009) (finding an evidentiary hearing unnecessary when evidence in the record was sufficient to meet the requirement that some evidence support the disciplinary decision). In addition, the R&R's reasoning with respect to the other issues raised in the Petition shows that such issues can also be resolved on the basis of the record. (*See* Dkt. No. 30 at 6.)

### III. SEALED DOCUMENTS AND ATTACHMENTS

Lastly, the R&R recommends that Docket Nos. 1, 13, 14, and 15 (and their attachments) be unsealed. (*See* Dkt. No. 30.) Leiter requested these documents be filed under seal, and the Clerk of Court sealed most of the documents.[6] (*See* Dkt. No. 17.) Magistrate Judge Thorson ordered Leiter to show cause why these documents should remain under seal. (*See id.*) Leiter provided multiple reasons, (*see* Dkt. No. 19), which the R&R rejected as unpersuasive, (*see* Dkt. No. 30). The R&R thus recommended unsealing the documents. Leiter objects and argues that

---

[6] Leiter may have intended the attachments to the Petition to be filed under seal, but these attachments are not currently sealed.

the documents should remain sealed because his name is a trade secret and not publicly available pursuant to a contract with the United States. (*See* Dkt. No. 31 at 10-11.)

The Court agrees that Leiter's proffered reasons for keeping the documents under seal are unpersuasive. However, in reviewing these and other documents in the case, the Court found that attachment 1 to Docket No. 1 contains third parties' social security numbers. Docket Nos. 13, 14, and 15 (and their attachments), Docket No. 1, and attachments 2 through 7 to Docket No. 1 do not contain third parties' social security numbers.

Fed R. Civ. P. 5.2(a) protects, among other things, social security numbers from public disclosure by requiring redaction of these numbers in most cases. The Court may seal documents containing such confidential information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978) ("Every court has supervisory power over its own records and files . . . . [T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."); *see also Allstate Ins. Co. v. Linea Latina De Accidentes, Inc.*, No. 09-CV-3681 (JNE/JJK), 2010 WL 5014386, at *1, 3 (D. Minn. Nov. 24, 2010) (sealing an exhibit to a complaint because it contained a social security number). In sealing documents, the Court must balance the interests served by the right of access against the interests served by maintaining confidentiality. *Seidl v. Am. Century Cos., Inc.*, 799 F.3d 983, 994 (8th Cir. 2015).

In this case, the interests in preserving the confidentiality of third parties' social security numbers (to prevent identity theft, for example) outweigh the public interests at stake. *See Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (unpublished) (affirming the determination that the right to access is outweighed by individual privacy interests in tax records and social security numbers). Accordingly, the Court will protect these third parties and prevent

further disclosure of their social security numbers by ordering the Clerk of Court to seal attachment 1 to Docket No. 1.

    Therefore, IT IS ORDERED THAT:

1. "Christopher Nickrenz, *Warden*, *FPC-Duluth*" is substituted as the Respondent in this matter.

2. Petitioner's objections to the Report and Recommendation [Dkt. No. 31] are OVERRULED.

3. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Dkt. No. 1] is DENIED.

4. Petitioner's request for injunctive relief [Dkt. No. 1 at 11] is DENIED.

5. This action is DISMISSED WITH PREJUDICE.

6. The Clerk of Court shall unseal Docket Nos. 13, 14, and 15 and their attachments. The Clerk of Court shall also unseal Docket No. 1. The Clerk of Court shall seal attachment 1 to Docket No. 1. Attachments 2 through 7 to Docket No. 1 shall remain unsealed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 12, 2016

                                                                   s/Joan N. Ericksen
                                                                     JOAN N. ERICKSEN
                                                                     United States District Judge